UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PROGRESSIVE DIRECT INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> ROBERT HORNBUCKLE, GEORGE THOMAS, and LORA WRIGHT <br><br> Defendants. | Case No. 2:13-cv-02293-GMN-NJK <br><br> ORDER |

Pending before the Court is the parties' Stipulation and Order to Continue Discovery, filed on June 13, 2014. *See* Docket No. 20. Therein, the parties seek to extend certain discovery deadlines established by the scheduling order in this case, which was approved by the Court on March 28, 2014. *See* Docket No. 14. One of the deadlines the parties seek to extend is the expert witness disclosure deadline, which is currently set to expire on June 24, 2014. *Id.*, at 2.

Local Rule 26-4 provides that any stipulation to extend a deadline shall include "(a) A statement specifying the discovery completed; (b) A specific description of the discovery that remains to be completed; (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) A proposed schedule for completing all remaining discovery." The parties' stipulation does not contain this information. *See* Docket No. 20.

Local Rule 26-4 also requires that "[a]pplications to extend any date set by the discovery plan, scheduling order, or other order must ... be supported by a showing of good cause for the extension." In addition, requests to extend made after the expiration of the subject deadline "shall not be granted

unless the movant demonstrates that the failure to act was the result of excusable neglect." *Id*. The stipulation does not demonstrate why good cause exists in this instance to extend the deadlines established in the scheduling order. *See* Docket No. 20. Further, the parties have attempted to stipulate to an extension of the deadline for initial expert disclosures, but did not submit their request at least 21 days prior to the expiration of the deadline. *Id*. The pending request provides only cursory discussion of why the deadline should be extended, *see id*., at 2, which the Court finds insufficient to demonstrate excusable neglect.

Because the pending stipulation does not address the excusable neglect factors or a showing of good cause, and because the requirements of Local Rule 26-4(a-d) have not been met, the stipulation is hereby **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: June 16, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge